NOT DESIGNATED FOR PUBLICATION

No. 114,368

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM L. EMERY, II,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed July 22, 2016. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before GREEN, P.J., MCANANY and ATCHESON, JJ.

*Per Curiam*: Defendant William L. Emery, II, contends the Sedgwick County District Court abused its discretion in revoking his probation and then ordering him to serve his underlying prison sentence in this case. Because Emery had performed poorly on probation in other cases and the probation violations in this case included a new criminal offense, the district court did not abuse its discretion in sending him to prison. We, therefore, affirm.

In this case, Emery was charged in October 2012 with felony theft for shoplifting merchandise from a department store in Wichita. The crime constituted a felony based on Emery's past convictions for theft. Under an agreement with the State, Emery pled as

charged in August 2013. The State made a recommendation to the district court for the aggravated guidelines sentence with a dispositional departure to probation. The agreement called for the sentence to be consecutive to those imposed in No. 11 CR 3018 and No. 11 CR 3403. Emery had already been convicted in those cases and had been placed on probation in them. The district court sentenced Emery in October 2013 in conformity with the plea agreement. Emery received a 15-month sentence to be served consecutive to the sentences in the earlier cases and was placed on probation for 12 months.

For reasons not immediately apparent from the appellate record, Emery was not released from probation on schedule and remained on probation in all three cases.

On February 26, 2015, the intensive supervision officer assigned to Emery filed an affidavit alleging Emery had violated the terms of his probation by testing positive for amphetamines and by committing the misdemeanor "offense of Interference with a Law Enforcement Officer and False Report." On April 30, 2015, the district court conducted a joint probation revocation hearing in Nos. 11 CR 3018, 11 CR 3404, and 12 CR 2488, although the cases had not been formally consolidated. Emery admitted both of the alleged probation violations.

The State asked that Emery's probation be revoked and that he serve the underlying prison sentences in this and the other cases. Emery asked the district court to reinstate his probation and explained that his sister's death prompted his most recent relapse. According to Emery, he was his sister's next-of-kin and had to make the decision to discontinue her life support after she had been declared brain dead.

The district court ultimately revoked probation in each case and ordered Emery to prison. The district court specifically found that Emery had committed a new crime—the misdemeanor interference offense—so no intermediate sanction was required. See K.S.A.

2

2015 Supp. 22-3716(c)(8). But the district court modified the sentences so Emery would serve all of them concurrently, resulting in a controlling 53-month term of imprisonment.

Emery timely appealed the revocation of his probation in each of the district court cases, resulting in three separate appeals. The appeals have not been consolidated in this court. Nonetheless, this panel has decided all of them and has issued separate opinions in the other two cases. See *State v. Emery*, No. 114,366 (unpublished opinion), this day decided; *State v. Emery*, No. 114,367 (unpublished opinion), this day decided. The opinions overlap considerably, given the common factual and procedural histories of the cases and the appellate issue.

For his sole claim on appeal, Emery submits the district court abused its discretion by refusing to reinstate his probation. Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps:  (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's stipulation to the alleged violations satisfies the first step. Here, Emery so stipulated, obviating the State's duty to prove the violations by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). After a violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S.

Ct. 728 (2014). Emery carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Emery does not suggest the district court misunderstood the governing law or mistook the relevant facts. Rather, he contends the decision to send him to prison was so extreme that no reasonable judicial officer would come to that conclusion under the circumstances. We disagree.

The evidence at the revocation hearing showed Emery had battled drug addiction since he was a teenager—a 20-year fight during which the drugs seem to have won considerably more rounds. Much of Emery's criminal conduct, including the theft in this case, appears to have been drug seeking behavior—efforts to get things that could be sold or traded for illegal drugs. The evidence also showed that Emery's probation had been revoked and reinstated multiple times in Nos. 11 CR 3018 and 11 CR 3404 for violations that included testing positive for illicit drugs. Although those violations predated Emery's placement on probation in this case, the district court could take account of that poor performance in gauging whether to reinstate here. *Cf. State v. Rodriguez*, 269 Kan. 633, 647, 8 P.3d 712 (2000) (district court may consider defendant's performance on probation in earlier cases in deciding whether to impose a dispositional departure from presumptive probation to incarceration). Those failures were close in time and essentially reflected Emery's continuing inability to deal effectively with his addiction and the allied problems it fomented.

Emery could not refrain from abusing drugs for extended periods and regularly drifted back to criminal behavior, much of which was probably aimed at supporting his addiction. Faced with Emery's inability to succeed in a comparatively structured probation setting, the district court fairly concluded a far more restrictive prison environment presented a better chance for Emery to beat his addiction while securing the general public against his continued criminal conduct.

Under these circumstances, we conclude the decision to revoke Emery's probation in this case easily rested within the discretionary authority afforded the district court and comported with what many other district courts would do in like cases. There was no abuse of discretion.

Affirmed.